ORIGINAL

Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
James Doherty

FILED
FEB 20 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Doherty,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Midland Credit Management, Inc.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: **C13- 757** DMR<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET.SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, James Doherty, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, James Doherty (hereafter "Plaintiff"), is an adult individual residing in San Francisco, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Midland Credit Management, Inc. ("Midland"), is a California business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California, 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to T-Mobile (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Midland Engages in Harassment and Abusive Tactics

12. Within the last year, Midland contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation and during each conversation thereafter, Plaintiff advised Midland that he disputed the Debt and requested something in writing from Midland.

14. During several conversations, Plaintiff attempted to explain to Defendants that he disputed the validity of the Debt and that he had already disputed the Debt with the Creditor and all three credit bureaus.

15. While attempting to discuss his dispute, Midland would sometimes place Plaintiff on hold for several minutes, and then transfer him to a non-working extension. Other times, Defendants would terminate the call when Plaintiff requested to speak with a supervisor regarding his dispute.

16. Plaintiff asked for Midland to provide him something in writing regarding the Debt. Midland responded by telling Plaintiff that it was not required to send him anything in writing.

17. Plaintiff repeatedly requested that Midland cease all communications with him and unambiguously stated a complete unwillingness to pay Midland.

18. Despite his requests to cease communications with Plaintiff, Midland continued to contact Plaintiff, knowing that its calls would not result in the payment of the Debt.

19. Midland contacted at an excessive and harassing rate, sometimes calling Plaintiff five times a day on a daily basis.

20. Midland did not send Plaintiff a letter within five days of its initial contact with him as required by law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

30. Midland Credit Management, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

32. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

33. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

34. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. At all times mentioned herein and within the last four years, Midland contacted Plaintiff on his cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages in violation 47 U.S.C. § 227(b)(1)(A)(iii).

38. Often times when Plaintiff answered the calls from Midland, Plaintiff was met with dead air and there was not a live person with whom Plaintiff could speak. Other times, after a long period of dead air, a live representative became available.

39. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. Plaintiff never provided his cellular telephone number to Midland and never provided his consent to be contacted on his cellular telephone.

41. Plaintiff never provided his cellular telephone number to the Creditor and never provided his consent to the Creditor to be contacted on his cellular telephone.

42. If Midland at one time had prior express consent to place calls to Plaintiff's cellular telephone number, it no longer had consent to call Plaintiff after being repeatedly instructed by Plaintiff to cease all calls to him.

43. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

45. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

- A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

- B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

- C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

- D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

- E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

- F. Statutory and/or treble damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

- G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

- H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 15, 2013        TAMMY HUSSIN


By: /s/ Tammy Hussin
Tammy Hussin, Esq.
Lemberg & Associates
Attorney for Plaintiff James Doherty